FILED'07 FEB 16 10:29USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DONNIE JAMES BRIGGS                              Civil No.  05-712-BR

     Petitioner,                              OPINION AND ORDER

v.

MICHAEL GOWER

     Respondent.

ANTHONY D. BORNSTEIN
Office of the Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR  97204

    Attorney for Petitioner


HARDY MYERS
Attorney General
DENIS M. VANNIER
Assistant Attorney General
Oregon Department of Justice
1162 Court Street, N.E.
Salem, OR  97301

    Attorney for Respondent

1 - OPINION AND ORDER

**BROWN, Judge**

Petitioner, in custody of the Oregon Department of Corrections following conviction for Robbery in the First Degree, brings this Petition for Writ of Habeas Corpus (#1) pursuant to 28 U.S.C. § 2254. For the reasons that follow, the court DENIES the Petition.

## BACKGROUND

On June 18, 1998, Petitioner was indicted in Jackson County (Oregon) Circuit Court for the robbery of a gas-station convenience store on June 14, 1998. Before trial, the state filed a motion to compel Petitioner to be photographed for comparison with a surveillance video of the robbery because the victim and a co-worker were not able to make a definitive identification of the robber from photo throw-downs. The Jackson County Circuit Court granted the motion over defense objections. Photographs of Petitioner were taken and introduced at trial over defense objections. After a two-day jury trial, Petitioner was convicted of Robbery in the First Degree and sentenced to 90 months incarceration, the mandatory minimum sentence under Oregon's applicable sentencing statute.

Petitioner filed a timely direct appeal raising three grounds of trial court error: the granting of the motion to compel him to be photographed, the admission of the photographs at trial, and the imposition of an allegedly unconstitutional mandatory minimum

2 - OPINION AND ORDER

sentence. The Oregon Court of Appeals affirmed without opinion. *State v. Briggs*, 168 Or.App. 704, 9 P.3d 157 (2000). The Oregon Supreme Court denied review. *State v. Briggs*, 331 Or. 536, 19 P.3d 355 (2001).

In 2002, Petitioner filed a second amended petition for post-conviction relief in state court alleging inadequate and ineffective assistance of trial counsel on the following grounds: 1) counsel's failure to move to suppress statements obtained in violation of *Miranda*, 2) counsel's failure to move to suppress evidence obtained as a result of an allegedly illegal seizure of Petitioner's car, and 3) counsel's failure to challenge properly certain bicycle evidence introduced at trial.[1] Following PCR proceedings, the Malheur County Circuit Court denied post-conviction relief.

On appeal, Petitioner's PCR appellate counsel filed a *Balfour* brief consisting solely of Section A.[2] The Oregon Court of Appeals

---

[1] Petitioner's PCR trial memorandum emphasized a less stringent Oregon standard of proof for inadequate assistance of counsel, that is, "a reasonable probability that the result was affected," and Petitioner argued relief was warranted under this standard. Resp't Ex. 111.

[2] Upon concluding that only frivolous issues exist on appeal, a *Balfour* brief allows appointed counsel to meet the constitutional requirement of "active advocacy" without violating rules of professional conduct. Section A, signed by counsel, contains a statement of the case, including a statement of facts, sufficient to apprise the court of the jurisdictional basis for the appeal, but contains no assignments of error or argument. Section B, signed only by the appellant, is a presentation of the

affirmed without opinion. *Briggs v. Lampert*, 196 Or.App. 81, 101 P.3d 370 (2004). Petitioner filed a petition for reconsideration and submitted his assignments of error on the grounds trial counsel failed to move for suppression of the bicycle evidence. The Oregon Court of Appeals denied reconsideration, and the Oregon Supreme Court denied review. *Briggs v. Lampert*, 338 Or. 432, 110 P.3d 1105 (2005).

On May 17, 2005, acting *pro se*, Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Although the PCR Petition presented two claims of trial court error and a claim of ineffective assistance of counsel, Petitioner's memorandum advances only his claim of ineffective assistance of counsel based on trial counsel's failure to move for suppression of the bicycle evidence.[3]

///

---

issues that appellant seeks to raise but that counsel considers to be frivolous. *Balfour v. State of Oregon*, 311 Or. 434, 451-52, 814 P.2d 1069 (1991).

[3]Petitioner restates, but does not address, Respondent's contention that Petitioner's claims of trial court error fail to allege any federal constitutional violation. Finding no evidence in the record to the contrary, Respondent's contention is accepted as true. *See* 28 U.S.C. § 2248. Petitioner also acknowledges his first and second grounds for claiming ineffective assistance of counsel were presented to the state court solely on state law grounds. Thus, the Court concludes Petitioner bases his federal claim only on the third ground.

4 - OPINION AND ORDER

## **DISCUSSION**

### A. Standards

Before a federal court may consider a petition for habeas relief pursuant to 28 U.S.C. § 2254, a state prisoner must have exhausted all available state court remedies through a direct appeal or through collateral proceedings. See 28 U.S.C. § 2254 (b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999)(state courts must have an opportunity to act on claims before they are presented in a habeas petition). The exhaustion requirement is satisfied when federal claims have been fairly presented to the state's highest court as a federal question. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Castillo v. McFadden*, 370 F.3d 882, 886 (9th Cir. 2004). In Oregon, the Oregon Supreme Court is the highest state court with jurisdiction to hear post-conviction claims in satisfaction of the exhaustion requirement. See Or. Rev. Stat. 138.650 (2005).

A state prisoner procedurally defaults federal claims if he fails to raise them as federal claims in state court or is barred from doing so under applicable state procedural rules. *O'Sullivan*, 526 U.S. at 848; *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Federal habeas review of procedurally defaulted claims is precluded unless the prisoner can show both "cause" for the procedural default and actual prejudice or the prisoner demonstrates that failure to consider the claims will result in a fundamental

5 - OPINION AND ORDER

miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Coleman,* 501 U.S. at 750.

Here, Petitioner contends only that he can show cause to excuse his default and actual prejudice. Cause to excuse procedural default exists only if "some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rules." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). In proceedings in which the petitioner has a Sixth Amendment right to counsel, attorney ignorance or inadvertence can constitute cause. *Coleman,* 501 U.S. at 753-754. In the absence of the right to counsel, however, an ineffectiveness-of-counsel claim generally is barred. *Id.* at 752, 755. The Supreme Court has declined to extend the Sixth Amendment right to counsel to state collateral proceedings. *Id.* at 752 (*Pennsylvania v. Finley,* 481 U.S. 551 (1987) and *Murray v. Giarratano,* 492 U.S. 1 (1989) established there is no right to counsel in state collateral proceedings.)

In the Ninth Circuit, attorney failings committed when the attorney acts under a conflict of interest may constitute cause to excuse procedural default even in the absence of a Sixth Amendment violation. *Manning v. Foster,* 224 F.3d 1129, 1135 (9th Cir. 2000)(when an attorney's failure to act is caused by his own self-interest, the failure is an objective factor external to the defense and constitutes "cause" to excuse procedural default).

6 - OPINION AND ORDER

Here, however, Petitioner does not allege counsel acted under a conflict of interest.

**B. Analysis**

Although Petitioner concedes he has procedurally defaulted his claim, he urges the Court nonetheless to find cause and prejudice to excuse the default. According to Petitioner, PCR appellate counsel's failure to pursue his claim in state court by filing a *Balfour* appellate brief without his assignments of error is evidence PCR appellate counsel was not acting as his legitimate "agent" during that stage of the case. Thus, Petitioner reasons that counsel's failure to act should not be imputed to him, and, therefore, cause exists to excuse his failure to fairly present his claim to the Oregon Supreme Court.

The Court notes this argument is contrary to established law. In *Coleman*, the Supreme Court rejected attorney error as cause to excuse procedural default in the absence of a violation of the right to counsel. *Coleman*, 501 U.S. at 752-754. There, as in this case, the petitioner argued that his state habeas counsel's failures were evidence counsel was not acting as petitioner's agent, and, therefore, counsel's failures should not be imputed to him and should suffice as "cause". Finding Coleman did not have any right to counsel in an appeal of his state habeas judgment, the Supreme Court held the errors of Coleman's attorney could not

7 - OPINION AND ORDER

constitute cause to excuse the default of his federal claims.[4]  *Id.* at 756.  The same holds true for Petitioner here because Petitioner did not have any constitutionally protected right to counsel in his post-conviction proceedings.

Accordingly, in the absence of any constitutional violation, alleged errors by post-conviction appellate counsel cannot constitute cause to excuse the procedural default of his federal claim, and federal habeas relief is, therefore, barred.  Because Petitioner did not make the requisite showing of cause, the Court need not address Petitioner's claim of prejudice.  *Smith v. Murray*, 477 U.S. 527, 533 (1986).

## CONCLUSION

For these reasons, the court DENIES the Petition for Writ of Habeas Corpus (#1).

IT IS SO ORDERED.

DATED this 15th day of February, 2007.

_____
ANNA J. BROWN
United States District Judge

---

[4] Under Virginia law, ineffectiveness of counsel claims can only be brought in state habeas proceedings, which are procedurally equivalent to Oregon's PCR proceedings.

8 - OPINION AND ORDER